IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00643-RM-KLM

CHARLES CODY MCKENZIE, on behalf of himself and all others similarly situated,

　　Plaintiff,

v.

IOVATE HEALTH SCIENCES USA, INC., and
GNC CORP.,

　　Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

　　This matter is before the Court on the parties' **Unopposed Joint Motion to Stay Proceedings** [#16][1] (the "Motion"). In the Motion, the parties request a stay "under the 'first-to-file' rule and *Landis v. N. Am. Co.*, 299 U.S. 248 (1936)." *Motion* [#16] at 2. They ask that this case be stayed "pending resolution of Plaintiff's Motion to Intervene in" an earlier-filed court action "involving overlapping classes, claims, and defendants," pending in the Central District of California. *Id.* at 1-2. They maintain that "[i]f this case were to proceed, it would create the substantial risk of inconsistent rulings on very substantial matters, such as the denial or granting of class certification." *Id.* The parties explain that another plaintiff filed a putative class action complaint in the Central District of California and that the allegations in that case overlap with Plaintiff's claims in this case. *Id.* at 3-7.

---

[1] "[#16]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order and Recommendation.

1

## I. Analysis

Although a stay of proceedings in a case is generally disfavored, the Court has discretion to enter a stay. *Compare Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *with Ellis v. J.R.'s Country Stores, Inc.*, No. 12-cv-01916-CMA-KLM, 2012 WL 6153513, at *1 (D. Colo. Dec. 11, 2012) (granting stay of proceedings). The "[C]ourt has inherent power to stay proceedings 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Ellis*, 2012 WL 6153513, at *1 (quoting *Landis,* 299 U.S. at 254 (observing that docket management "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance")); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C.2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation marks and citation omitted)); *see also String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (finding that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al.,

*Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that staying discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, a stay would apparently not prejudice Plaintiff nor burden Defendants because they jointly request a stay. *Motion* [#16] at 1. Therefore, the Court finds that the first and second *String Cheese Incident* factors weigh in favor of a stay.

With regard to the third factor, it is certainly more convenient for the Court to enter a stay while the Central District of California considers Plaintiff's motion to intervene in the case pending before it. Further, the Court agrees with the parties that if a stay is not

granted, there is a risk of inconsistent rulings and duplicative litigation.  *See Motion* [#16] at 2.  The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of a stay.

With regard to the fourth factor, the plaintiff in the case filed in the Central District of California and other potential class members have an interest in preventing inconsistent rulings.  Accordingly, they have an interest in the Court entering a stay while the Central District of California considers the pending motion to intervene filed by Plaintiff.  Accordingly, the fourth *String Cheese Incident* factor weighs in favor of a stay.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution.  Staying this consolidated proceeding while the Central District of California considers the pending motion to intervene filed by Plaintiff serves this interest.  Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay.

Considering these factors, the Court agrees with the parties that a stay is appropriate in this case.

## II. Conclusion

For the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [#16] is **GRANTED**.  This case is **STAYED** pending further order of the Court.

IT IS FURTHER **ORDERED** that, within **ten days** of the entry of an order adjudicating Plaintiff's motion to intervene filed in the Central District of California, Plaintiff shall file a Status Report informing the Court of the resolution of that motion.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for August 3, 2015, at 10:30 a.m. is **VACATED**.

Dated:  May 11, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge